FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB - 5 2013

MATTHEW J. DYKMAN
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ERIN THOMAS, )
)
Plaintiff )
)
v. )   Case No.: CV·13·118
)
LOBO VILLAGE, AMERICAN )
CAMPUS COMMUNITY OP )
(UNM SOUTH) LLC, )
AMERICAN CAMPUS COMMUNITY )   Jury Demanded
MANAGEMENT, LLC. )
)
Defendant. )

## COMPLAINT

Erin Thomas, by and through her attorney of record, Roberta M. Yurcic, Esq., sues the defendant, Lobo Village, American Campus Community OP LLC, and American Campus Community Management, LLC, and states as follows:

### PRELIMNARY STATEMENT

1.  Erin Thomas is a twenty-three-year-old student of University of New Mexico. Erin was diagnosed with Scleroderma (Systemic Sclerosis) when she was twelve-years-old. Erin's prognosis was grim; doctors told her she would likely only live to age fifteen. Erin's doctors began treating her with chemotherapy during her sophomore year in high school, which has helped Erin to survive with this disease. However Scleroderma, chemotherapy, and overlapping syndromes such as rheumatoid arthritis have impacted Erin's major life activities. Erin's lungs are scarred which makes it difficult for her to breathe. One aspect of Scleroderma is that the stomach does not absorb nutrients efficiently so it is difficult for Erin to eat and receive proper nutrition. The chemotherapy

and Scleroderma cause Erin to become extremely fatigued making it difficult for her to walk or stand for long periods of time. Tasks like writing, walking, and breathing are difficult for Erin. Despite the difficulties Erin has faced as a result of her disability she has tried to live a normal life.

2. In January of the 2011-2012 school year Erin moved into the Lobo Village in an attempt to have an opportunity equal to her peers to live near campus and participate in campus life, as so many young college students do. Erin was assigned to a third floor unit along with three other students of the University of New Mexico.

3. It became quickly apparent that Erin would not be able to use and enjoy the unit on the third floor, due to her disability. On February 2, 2012 Erin made a written request for a room change to the first floor and also requested a non-smoking room. Erin cited her disability as the reason for the request After Erin's request was ignored for over a month, Erin followed up with Lobo Village's Assistant General Manager. Still nothing was done to accommodate Erin. Later, Erin learned that an acquaintance was assigned a first floor unit after Erin had made a request for a first floor unit.

4. When Erin followed up with management a second time she was told her only option was to terminate her lease early. Erin was forced to move back in with her parents because of the Lobo Village's refusal to grant her reasonable request for accommodation. Thus, Erin's attempt to have an opportunity similar to her peers failed. Erin is disappointed at yet another loss in this important part of her life.

5. Additionally, Erin was forced to seek more medical intervention because she became dehydrated and overly fatigued due to the lack of accommodations at Lobo Village. Erin was forced to drop classes due to her deteriorating medical condition and

lost her Lottery Scholarship. Erin lost a significant amount of weight during this dehydration episode, which poses a threat to her health. Erin has not been able to regain the weight and therefore has not fully recovered.

6. By refusing to provide a reasonable accommodation, Defendant violated the Fair Housing Act Amendments of 1988 42 U.S.C.A. § 3604(f)(3)(B). Erin brings this lawsuit to compel Defendants to cease their discriminatory practices and to implement policies and procedures that will allow handicapped students to participate in campus community living. She also seeks compensatory damages, punitive damages, attorneys' fees, and costs.

## JURISDICTION

7. Plaintiff's claims arise under the Fair Housing Act, 42 U.S.C.A. § 3604(f)(3)(B).

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the laws of the United States, and 28 U.S.C. §§ 1343 (a)(3) and (4), which give district courts jurisdiction over actions to secure civil rights extended by the United States government.

9. Venue is appropriate in this Court 28 U.S.C. § 1391 (a) because all of the relevant events occurred in this district and the property that gave rise to this action is located in this district.

## PARTIES

10. Plaintiff, Erin Thomas, resides in Bernalillo County, New Mexico.

11. Defendant is a corporation organized under the laws of Delaware whose stated position is, "The leader in providing on- and off-campus communities for today's college student."

12. Defendant, Lobo Village is an American Campus Community located in Albuquerque, New Mexico whose stated mission is, "Live like you mean it at Lobo Village, the best in Albuquerque student living! At Lobo Village you will have the privacy and lifestyle you deserve in a student community that is built specifically with you, the college student, in mind."

## Factual Allegations

13. Plaintiff, Erin Thomas, is a twenty-three year old student who was diagnosed with Scleroderma at the age of twelve. The disease has no cure, and at one point Erin Thomas' prognosis was terminal. Chemotherapy has slowed the progression of the disease; however Erin Thomas' life expectancy is uncertain.

14. Scleroderma is a debilitating condition that requires medical supervision and the disease has rendered Erin Thomas disabled.

15. Erin Thomas has attempted to live life as fully as most young adults and is able to participate in college classes with non-disabled class mates at the University of New Mexico.

16. In the Spring semester of 2012 Erin Thomas moved in to the Lobo Village, an American Campus Community, proximately situated by the University of New Mexico.

17. The Lobo Village and American Campus Communities is similar to a college dormitory, however it is privately operated, and is located near, but not on, the college campus.

18. Erin was assigned to a third floor dormitory style unit in January of 2012, where there was no elevator, Erin was not assigned a handicapped parking space, and the unit had another tenant who was a smoker.

19. After three weeks of struggling with the lack of handicap accommodations Erin made a written request for a first floor unit citing her disability as the reason for her request.

20. The management at Lobo Village did not respond to her request.

21. Erin was hospitalized due to dehydration and her fatigue was exacerbated by the lack of accommodation. Erin's deteriorating condition and need for additional medical treatments forced Erin to drop classes and ultimately cost her the Lottery Scholarship, which paid for the cost of tuition.

22. A few weeks after Erin made a request for reasonable accommodations, she learned that a non-disabled friend had been assigned a first floor unit.

23. Erin contacted Lobo Village management again to follow up on her request for a first floor non-smoking unit due to her disability.

24. The management at Lobo Village informed Erin that her only option was to break her lease and there would be an early termination fee.

25. Erin sought the advice of counsel who wrote a letter to Lobo Village informing the company of the conditions that Erin was facing. The Lobo Village responded by saying it would waive the fee for breaking the lease.

26. Erin was forced to move back in with her parents. Prior to moving out of the Lobo Village, counsel made a written request for an assigned handicapped parking space to help facilitate Erin's move out of the complex. The request was denied.

## COUNT I VIOLATION OF THE FAIR HOUSING ACT BY DENYING ERIN THOMAS A RESONABLE ACCOMODATION

27. Plaintiff re-alleges and incorporates herein the allegations set forth in Paragraphs 1-26 above.

28. Section 803 provides in pertinent part: "(d) To represent to any person because of race, color, religion, sex, handicap, familial status, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.

(3) For purposes of this subsection, discrimination includes--

(A) a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises, except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted.

(B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling; or

(C) in connection with the design and construction of covered multifamily dwellings for first occupancy after the date that is 30 months after the date of enactment of the Fair Housing Amendments Act of 1988, a failure to design and construct those dwelling in such a manner that--

(i) the public use and common use portions of such dwellings are readily accessible to and usable by handicapped persons;

(ii) all the doors designed to allow passage into and within all premises within such dwellings are sufficiently wide to allow passage by handicapped persons in wheelchairs; and

(iii) all premises within such dwellings contain the following features of adaptive design:

(I) an accessible route into and through the dwelling;" 42 U.S.C.A. § 3604(f)(3)(B).

29. Erin is a qualified individual with a disability pursuant to Section 803 because she is substantially limited in major life activities such as physical activities.

30. Defendant violated the FHA by refusing to make a reasonable accommodation in providing a first floor, non-smoking rook, when such accommodation was necessary to afford Erin an equal opportunity to use and enjoy the dwelling solely by reason of her disability.

31. By failing to make Erin's unit, public use, and common use portions of the apartment readily accessible and usable by handicapped person Erin was denied a reasonable accommodation solely on the basis of her disability.

## COUNT II VIOLATION OF THE FAIR HOUSING ACT BY DISCRIMINATING AGAINST ERIN THOMAS

32. Plaintiff re-alleges and incorporates herein the allegations set forth in Paragraphs 1-31 above.

33.     Section 803 provides in pertinent part: "(d) To represent to any person because of race, color, religion, sex, handicap, familial status, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available." 42 U.S.C.A. § 3604(f)(3)(B).

34.     Erin is a qualified individual with a disability pursuant to Section 803 because she is substantially limited in major life activities such as physical activities.

35.     Erin engaged in protected activity by requesting a reasonable accommodation in having a first floor non-smoking unit to make her living quarters accessible due to her physical and medical limitations.

36.     Defendant violated the FHA by assigning a first floor room to another student after Erin had requested a new room assignment and informing Erin that her only remedy was to break her lease early.

## COUNTY III VIOLATION OF THE FAIR HOUSING ACT BY RETALIATION AGAINST ERIN THOMAS

37.     Plaintiff re-alleges and incorporates herein the allegations set forth in Paragraphs 1-36 above.

38.     Section 803 provides in pertinent part: "(3) For purposes of this subsection, discrimination includes-- (A) a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises, except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to

the condition that existed before the modification, reasonable wear and tear excepted.

(B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling. 42 U.S.C.A. § 3604(f)(3)(B).

39. Erin is a qualified individual with a disability pursuant to Section 803 because she is substantially limited in major life activities such as physical activities.

40. Erin was forced to terminate her lease early and move back in with her parents.

41. By refusing to assign Erin a first floor apartment and refusing to assign Erin a handicapped parking space after she requested it to help in her move out of Lobo Village the Defendant retaliated against Erin for her assertion of rights under the Fair Housing Act.

## PRAYER FOR RELIEF

WHEREFORE, Erin, through counsel of record, Roberta M. Yurcic, Esq., respectfully request this Court to:

(1) Issue a declaratory judgment that Defendant's actions, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured by the Fair Housing Act.

(2) Enjoin Defendant from further discrimination against Erin and other disabled individuals;

(3) Award Plaintiff actual damages;

(4) Award Plaintiff compensatory damages;

(5) Award Plaintiff punitive damages

(6) Grant Plaintiff attorneys' fees, costs and disbursements associated with this lawsuit; and

(7) Award Plaintiff any and all other relief that may be necessary and appropriate.

Respectfully Submitted,

**ROBERTA M. YURCIC**

_____

Roberta M. Yurcic
*Attorney for Plaintiff*
P.O. Box 21418
Albuquerque, NM 87154
Telephone: (505) 515-6014
Facsimile: (505) 807-0609

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
THOMAS, ERIN

**DEFENDANTS**
AMERICAN CAMPUS COMMUNITY OP LLC. (LOBO VILLAGE) and AMERICAN CAMPUS COMMUNITY MANAGEMENT LLC.

(b) County of Residence of First Listed Plaintiff   Bernalillo County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Travis County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Roberta Yurcic, Esq.
820 Second Street NW
Albuquerque, NM 87102 (505) 515-6014

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|                                       | PTF | DEF |                                                        | PTF | DEF |
|---------------------------------------|-----|-----|--------------------------------------------------------|-----|-----|
| Citizen of This State                 | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State              | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                         | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USCA 3604 (f)(3)(b)
Brief description of cause:
Housing discrimination based on disability

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 2/5/13
SIGNATURE OF ATTORNEY OF RECORD  *Ryurcic*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____